# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| MONTOLLIE WARREN,<br><br>    Plaintiff,<br><br>vs.<br><br>FORT DODGE CORRECTIONAL FACILITY, MIKE BABCOCK, KAREN ANDERSON, CORNELL SMITH, JOHN BALDWIN and TOM CONLEY,<br><br>    Defendants. | No. 08-CV-3038-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matters before the court are the Motion for Summary Judgment ("Summary Judgment Motion") (docket no. 17), filed by Defendants Fort Dodge Correctional Facility, Mike Babcock, Karen Anderson, Cornell Smith, John Baldwin and Tom Conley and Plaintiff Montollie Warren's "Motion for Default Judgment Against Defendants[] for Failure to Comply with Court Order" ("Motion for Default") (docket no. 23).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On July 21, 2008, Plaintiff initiated the instant action. On August 26, 2008, the court entered an Initial Review Order (docket no. 4) pursuant to which the Clerk of Court filed the Complaint (docket no. 5). The Complaint alleged a cause of action under 42 U.S.C. § 1983 for a violation of Plaintiff's rights under the Constitution of the United States. On November 7, 2008, Defendants filed an Answer (docket no. 11) in which they denied the substance of Plaintiff's claims.

On January 23, 2009, Defendants filed the Summary Judgment Motion. On February 9, 2009, Plaintiff filed a Motion to Compel (docket no. 18) asking the court to order Defendants to comply with his discovery requests. Defendants did not resist the

Motion to Compel. On March 5, 2009, United States Magistrate Judge Jon S. Scoles granted the Motion to Compel. Order (docket no. 21). The Magistrate Judge ordered Defendants to provide Plaintiff with the discovery he requested by March 13, 2009.

On March 23, 2009, Plaintiff filed the Motion for Default. On March 30, 2009, Defendants filed a Resistance (docket no. 24) to the Motion for Default. That same day, Plaintiff filed a Resistance (docket no. 25) to the Summary Judgment Motion. On April 6, 2009, Defendants filed a Reply (docket no. 26) in support of the Summary Judgment Motion. On April 10, 2009, Plaintiff filed a Reply (docket no. 27) in support of the Motion for Default. On April 17, 2009, Plaintiff filed a supplemental resistance (docket no. 28) to the Summary Judgment Motion.

### III. SUMMARY JUDGMENT MOTION

#### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[T]o establish the existence of a genuine issue of material fact, 'a plaintiff may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Rather, the nonmoving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873). The court must view the record in the light most favorable to the nonmoving party and afford it all

2

reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

### *B. Facts*

Construing the facts in the light most favorable to the non-moving party, Plaintiff, and affording him all reasonable inferences, the undisputed facts are these:

#### *1. Parties*

Plaintiff is an inmate currently incarcerated at the Fort Dodge Correctional Facility ("FDCF") in Fort Dodge, Iowa. Defendants are Iowa prison officials employed by FDCF.

#### *2. FDCF's Grievance Policy*

FDCF follows a grievance policy ("Policy") (docket no. 17-4, at 17) that provides inmates with a "mechanism for the resolution of complaints arising from institutional matters, so as to reduce the need for litigation and afford staff the opportunity to improve institutional operations." Policy at ¶ II. The Policy is comprised of the three steps described below.

First, an inmate "must attempt [. . .] to resolve the grievance informally prior to filing a written grievance." *Id.* at ¶ IV.B.1. After trying to resolve a grievance informally, an inmate may proceed to the second step, which is filing a written grievance. A Grievance Officer reviews the written grievance and provides the inmate with a written response and recommendation. In the third step, if an inmate is dissatisfied with the Grievance Officer's resolution of the written grievance, the inmate may appeal the Grievance Officer's decision to the Warden, but "must appeal the decision within the stated time limits of the policy." *Id.* at ¶ IV.D.1.

#### *3. Plaintiff's Grievances*

Since his incarceration at FDCF began, Plaintiff has filed two written grievances. On October 24, 2007, Plaintiff filed his first written grievance ("First Grievance"). In the

First Grievance, Plaintiff raised concerns relating to his health care. The Grievance Officer denied the First Grievance because Plaintiff had not completed the first step of the grievance process; that is, Plaintiff had not tried to resolve his complaint informally. Plaintiff did not appeal the First Grievance.

On October 18, 2008, Plaintiff filed his second written grievance ("Second Grievance"). In the Second Grievance, Plaintiff raised concerns relating to his health care. The Grievance Officer denied the Second Grievance for the same reasons he had denied the First Grievance—Plaintiff had failed to attempt informal resolution of his concerns. Plaintiff did not appeal the Second Grievance.

### C. Exhaustion Requirement

Defendants argue summary judgment is warranted because Plaintiff failed to exhaust his administrative remedies before filing the instant action. Plaintiff's grievances are governed by 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-34 ("PLRA"), which addresses litigation involving prison conditions. *Black Cloud v. Burt*, No. 08-CV-0033-LRR, 2008 WL 3896756, at *3 n.1 (N.D. Iowa Aug. 19, 2008) (noting § 1983 claims are subject to § 1997e(a)). Section 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under [federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory[.]" *Black Cloud*, 2008 WL 3896756 at *3 n.1. Under § 1997e(a), "if administrative remedies are available, a prisoner must exhaust them.'" *Id.* (quoting *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). As the court interprets the Policy, it concludes that an inmate exhausts a grievance only after appealing a Grievance Officer's decision, that is, completing the third step of the Policy. "Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court." *Johnson v. Jones*, 340 F.3d

4

624, 627 (8th Cir. 2003) (emphasis in original). "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

### D. Holding

Defendants have met their burden and shown that Plaintiff did not exhaust his administrative remedies prior to commencing the instant action. Plaintiff has not presented any evidence to rebut this conclusion. Accordingly, the court shall grant the Summary Judgment Motion and dismiss the Complaint without prejudice.

### E. Plaintiff's Arguments

Plaintiff argues that the language in the Policy suggests that an inmate's appeal of a grievance decision to the Warden is permissive. Plaintiff argues this should defeat the Summary Judgment Motion. The court disagrees. The PLRA prohibits an inmate from bringing a § 1983 claim "until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). In other words, if an inmate has an administrative remedy available, the inmate must pursue it before filing a lawsuit. To be sure, an inmate may elect to refrain from appealing a Grievance Officer's decision and thereby suspend his or her pursuit of a remedy on that grievance. However, if an inmate wants to seek judicial relief on the subject of a grievance, the inmate must fully exhaust his or her administrative remedies before filing a complaint. In this case, Plaintiff has failed to exhaust his administrative remedies and the Complaint must therefore be dismissed.

In a similar argument, Plaintiff contends that he is not required to exhaust administrative remedies when those remedies would not provide him with meaningful review or an appropriate remedy. Plaintiff's underlying assertion is correct: when an inmate cannot exhaust his or her administrative remedies because prison officials refuse

5

to respond to a grievance, a district court may not find an inmate failed to administratively exhaust a grievance. *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002) (citing *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001)). However, this reasoning does not apply in the instant action. Plaintiff presents no evidence suggesting prison officials somehow refused to respond to his grievances or that he was otherwise unable to appeal his grievances.

Plaintiff also argues that there is no evidence showing he failed to exhaust his administrative remedies. Plaintiff is incorrect. In support of the Summary Judgment Motion, Defendants submitted the Affidavit of Warden Smith ("Smith Affidavit") (docket no. 17-4), at 14. The Smith Affidavit shows Warden Smith has access to all FDCF's grievance appeals. And, in the Smith Affidavit, Warden Smith submits he reviewed his records and found nothing showing that Plaintiff filed any grievance appeals since arriving at FDCF. The court is satisfied that Plaintiff did not exhaust his administrative remedies prior to commencing the instant action.

Plaintiff argues that, contrary to the Grievance Officer's conclusions, he attempted to informally resolve the matters underlying his grievances. Whether or not this is true, Plaintiff never appealed the Grievance Officer's decisions. Accordingly, this argument has no bearing on the fact Plaintiff failed to fully exhaust his administrative remedies.

Finally, Plaintiff argues the court should enter judgment in his favor and against Defendants due to Defendants' failure to comply with the Order. Defendant also raises this argument in the Motion for Default, which the court addresses below.

## IV. MOTION FOR DEFAULT

In the Motion for Default, Plaintiff argues Defendants failed to comply with the Order and asks the court to enter judgment in his favor as a sanction pursuant to Federal Rule of Civil Procedure 37. The Order directed Defendants to respond to Plaintiff's written discovery requests on or before March 13, 2009. From the record, it appears that

Defendants failed to comply with the Order in two respects. First, Defendants failed to respond to the discovery requests until March 30, 2009. Second, Defendants were only partially responsive to Plaintiff's discovery requests. Apparently, Defendants determined they did not need to respond to a large portion of Plaintiff's discovery requests because that discovery related to matters Defendants believed were likely to be dismissed in the court's order on the Summary Judgment Motion.

Defendants set forth various explanations for their failure to abide by the Order. For instance, Defendants contend Plaintiff failed to serve the discovery requests on them until mid-March. Defendants believe this justifies their two-and-a-half week delay in complying with the Order. These explanations are not persuasive. The court issued an order that Defendants knowingly and wilfully disobeyed. Rather than resist the Motion to Compel or file a motion asking for reconsideration of the Order, Defendants ignored the Order. This is the sort of conduct that Federal Rule of Civil Procedure 37 is designed to sanction. Rule 37 provides, in relevant part:

> If a party or a party's officer, director, or managing agent [. . .] fails to obey an order to provide or permit discovery, [. . .] the court where the action is pending may issue further just orders. They may include the following:
>
> * * *
>
> (iv) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(vi).

Defendants clearly failed to obey the Order. However, it is unclear whether the sanction of a dismissal urged by Plaintiff is justified in the instant action. "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Hendersen*, 223 F.3d

818, 823 (8th Cir. 2000)). "Although a district court has authority to dismiss an action with prejudice for failure to comply with court orders [. . .], courts have concluded that dismissal with prejudice should be used sparingly because it is a drastic sanction." *Thomson v. Gummiwerk Kraiburg Elastick, Beteiligungs GmbH & Co.*, No. 02-CV-11-LRR, 2003 WL 22697174, *5 (N.D. Iowa Nov. 13, 2003) (citing *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978)).

In light of the foregoing analysis, the court finds a dismissal sanction is not warranted because Plaintiff has not been prejudiced by Defendants' violation of the Order. Whether or not Defendants complied with the Order, the Summary Judgment Motion is meritorious and the Complaint should be dismissed. Clearly, Plaintiff has failed to exhaust his administrative remedies, and the court must therefore dismiss the Complaint.

However, the court believes sanctions against Defendants' attorney may be warranted in this case. Accordingly, the court shall hold a hearing before the undersigned for Defendants' attorney, Assistant Attorney General William A. Hill, to show cause why he should not be held in contempt of court for violating the Order.

### V. CONCLUSION

In light of the foregoing, **IT IS ORDERED THAT**:
(1) The Summary Judgment Motion (docket no. 17) is **GRANTED**;
(2) The Motion for Default (docket no. 23) is **DENIED**;
(3) The Complaint is **DISMISSED WITHOUT PREJUDICE**; and
(4) The court shall hold a hearing for Assistant Attorney General William A. Hill to **SHOW CAUSE** why he should not be held in contempt of court for violating the Order. The date, time and location of the show cause hearing shall be set forth under separate cover.

**IT IS SO ORDERED.**

**DATED** this 27th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA